UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:19-cv-14112

WENDY DONNELLY,

    Plaintiff,

v.

WAL-MART STORES EAST LP.,

    Defendant.
_____/

## **WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 19th Judicial Circuit Court in and for St. Lucie County, Florida, Case No. 562019CA000364AXXXHC, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about February 21, 2019, Plaintiff commenced this action by filing a Complaint in the 19th Judicial Circuit Court in and for St. Lucie County, Florida. *See* Complaint attached as Ex. "A."

2. The Complaint was served on February 28, 2019. *See* Summons with Date of Service attached as Ex. "B."

3. On March 15, 2019, Plaintiff filed her Amended Complaint naming the proper party, Wal-Mart Stores East, L.P[1]. *See* Amended Complaint attached as Ex. "C."

4. The Complaint alleges a claim for negligence against Wal-Mart as a result of injuries allegedly sustained in a slip and fall at a store on December 1, 2017. (Ex. "C," at ¶¶ 4 & 6). Plaintiff alleges, *inter alia*, that Wal-Mart negligently maintained the subject premises, failed to correct a dangerous condition and failed to warn Plaintiff of a dangerous condition (Ex. "C," at ¶ 7).

5. Plaintiff's Complaint is removable based on diversity of citizenship of the parties and, further, because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

6. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 19th Judicial Circuit of the State of Florida in and for St. Lucie County, together with a docket sheet from the Clerk of the Court. (*See* attached as Composite Exhibit "D").

7. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## I. REMOVAL IS TIMELY

8. In accordance with 28 USC § 1446(b), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's

---

[1] Wal-Mart Stores East, L.P. owned and operated the subject retail store on the date of the alleged incident; not Walmart Inc. Therefore, Wal-Mart Stores East, L.P., is the proper party.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. Thus, the thirty (30) day period commenced on February 28, 2019, when Plaintiff served Wal-Mart with the Complaint. (*See* service of process dated February 28, 2019, attached as Exhibit "B"). Prior to the service of the Complaint, Plaintiff's counsel sent Wal-Mart a written demand for $300,000.00 on August 24, 2018. The complete demand package totaled 173 pages, including extensive medical records/bills which were attached[2] and claims injuries to Plaintiff's neck, low back, left knee, and right shoulder. *See* Exhibit "E."

      9. Venue exists in the United States District Court for the Southern District of Florida, Fort Pierce Division, because the 19th Judicial District in and for St. Lucie County—where Plaintiff filed her state court Complaint against Wal-Mart—is located in the city of Fort Pierce, St. Lucie County, Florida, which is located within the United States District Court for the Southern District of Florida. Moreover, Plaintiff alleges the incident occurred in St. Lucie County, Florida. (Ex. "C," at ¶4).

### III. <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

      10. Under 28 USC § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of

---

[2] Wal-Mart has not filed the entire complement of medical records with this Notice in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart can provide same for an in camera inspection.

CASE NO.: 2:19-cv-14112

different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of WAL-MART STORES EAST, LP

11.  WAL-MART STORES EAST, L.P., was at the time of the alleged incident, and is currently, a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart, Inc. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Composite Ex. "F."

### B. Citizenship of WENDY DONNELLY

12.  Plaintiff is a citizen of the State of Florida, who resides in St. Lucie County. (Ex. "C," Pl's Compl. at ¶3). Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-600672009, WL 1532129 at *3 (S.D.Fla. June 1, 2009) (Cohn, J) (internal citations omitted).

13. The Southern District of Florida has held that a Defendant seeking to remove an action on diversity grounds can supply the elements required to establish diversity of citizenship in its removal papers, particularly where the plaintiff's complaint, on its face, lacks the necessary jurisdictional allegations. *See Woolard v. Heyer-Schulte,* 791 F. Supp. 294, 296 (S.D. Fla. 1992). The *Woolard* court found that removal is appropriate when plaintiff's complaint lacks allegations as to the citizenship of the plaintiff, but, the defendant's notice of removal papers allege sufficient facts to establish the parties' diversity of citizenship. *Id.* (stating that to rule otherwise would render "defendants statutory right to removal wholly contingent upon the plaintiff's choice of words. If for example, a citizen of Florida were suing a citizen of New York in Florida State court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the defendant's citizenship"). *Id.*

14. Although Plaintiff's Complaint, on its face, is silent as to her citizenship, Plaintiff's Complaint states she was at the time of the incident and all material times a resident of St. Lucie County. (Ex. "C," Pl's Compl. at ¶3). Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted). As such, for purposes of diversity jurisdiction, the Plaintiff is a citizen of Florida.

5

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 2:19-cv-14112

15. Here, Plaintiff's Complaint indicates the Plaintiff resides in St. Lucie County, Florida. (Ex. "C," Pl's Compl. at ¶3). Pursuant to *Woolard,* the Defendant's may establish diversity of citizenship through this evidence. *See Woolard,* 791 F. Supp. at 296. St. Lucie County, Florida, is located in the United States Southern District for the Southern District of Florida. Moreover, Plaintiff's St. Lucie County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

### IV. AMOUNT IN CONTROVERSY

16. The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's $300,000.00 pre-suit demand, which indicated her medical bills exceed $97,000.00 and included over 150 pages of medical records/bills, that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (Pre-suit demand letters are competent evidence of the amount in controversy.).

17. Plaintiff's Complaint seeks *inter alia*, damages for permanent bodily injury; pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expense of hospitalization, medical and nursing care and treatment; loss earnings; loss of earning capacity; and aggravation of a pre-existing condition. (*See* Ex. "C" ¶ 9).

18. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

19. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). Specifically, "pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

20. In the present case, the relevant portions of Plaintiff's pre-suit demand and accompanying medical records and bills conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. (*See* Plaintiff's pre-suit demand letter attached as Ex. "E"). In her demand, Plaintiff sets forth her past treatment, injuries, and her medical expenses as of August 24, 2018, of $97,190.50

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

and demands $300,000.00 to settle her claims and attaches medical records and bills. *Id*.

21. Plaintiff's demand letter details Plaintiff's injuries and states that she underwent lumbar medial branch blocks at three levels and arthroscopic surgery on her left knee. Plaintiff claims the cost of her future medical care is at least $3,500.00 per year for follow-ups, physical therapy and medications. *Id*. Plaintiff claims she sustained "severe injuries" injuries including but not limited to Grade 2 intrameniscal tear of the posterior horn of the medial meniscus in her left knee and a 9-mm cyst with internal septations in the proximal fibula. *Id*. She claims a small joint effusion with fluid in the subacromial-subdeltoid bursa and partial rotator cuff tear in her right shoulder. *Id*. Plaintiff also alleges she suffered a broad-based posterior disc herniation with impingement of the dural sac at L2-3 and L4-5. *Id*. She claims posterior bulging of the C2-3 disc causing impingement of the anterior thecal space and broad-based posterior disc herniations at C3-4, C4-5 and C6-7. *Id*. Plaintiff also alleges she suffered a posterior disc herniation at T1-2. *Id*.

22. These representations sufficiently and conclusively establish that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous decisions from the Southern District of Florida and the 11th Circuit support this conclusion.

23. For example, in *Katz v. J.C. Penney Corp.*, *supra,* the removing defendant submitted an affidavit by its defense counsel asserting that she had personally reviewed the case and that the amount in controversy exceeded the

jurisdictional requirement. 2009 WL 1532129 at *4. The affidavit set forth the amount of the plaintiff's pre-suit demand and discussed the contents of same. *Id*. In light of this, the Court concluded that the removing defendant properly established the amount in controversy. *Id.* at *4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because—like Plaintiff's pre-suit demand letter in this case which attached over 150 pages of medical records/bills—the demand in *Katz* was similarly based on medical records provided by the plaintiff. *Id.*

24. Plaintiff's pecuniary losses as of the date of the demand of August 24, 2018 exceed the jurisdictional amount and the non-pecuniary damages in the instant matter will certainly make up the difference given that Plaintiff claims her injuries are permanent or continuing. (*See* Ex. "C" ¶ 9). On top of this, Plaintiff is claiming non-pecuniary damages as well as loss earnings and loss of earning capacity—this all being in addition to medical expenses. *Id.* Further, it is appropriate for this Court to consider future damages in evaluating whether the jurisdictional amount has been met. *See, e.g., Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012) (the court denied motion for remand citing plaintiff's actual damages of approximately $39,000.00 and concluding that future treatment would likely exceed the amount needed to reach the jurisdictional minimum.); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (the court denied plaintiff's motion to remand citing plaintiff's demand letter claiming $22,563.00 in medical bills and relying on the Court's projections on likely future

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

damages where a doctor estimated that plaintiff "'could' incur costs of $2,500 to $5,000 per year" for future care).

25. Also instructive is *Lazo v. US Airways, Inc.*, 2008 WL 3926430, *5 (S.D.Fla. Aug. 26, 2008), in which this Court denied the plaintiff's motion to remand after the case had been removed. In doing so, the Court found an affidavit filed by defense counsel sufficient to establish the jurisdictional amount in controversy. *Id*. The affidavit recounted a conversation in which plaintiff's counsel stated to defense counsel that his client was seeking to recover "at least $1,000,000." *Id*. at *4. The Court found this representation "constitute[d] legally certain evidence that plaintiff seeks damages in excess of $75,000.00" and denied the plaintiff's motion to remand. *Id*. Here, the specific, written evidence presented in this matter meets the threshold of legally certain evidence when considered with the decisions in *Lazo* and *Katz*.

26. Another case on point to establish federal jurisdiction is *AAA Abachman Enterprises, Inc. v. Stanley Steemer, Int'l, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), in which the court similarly relied in part on plaintiff's demand letter which sought more than $75,000 in damages. *Id*. at 866-67. The Eleventh Circuit held that, in light of the demand letter and allegations set forth in the complaint, the district court did not err in finding the amount of controversy had been satisfied so as to create federal jurisdiction. *Id*.

27. Based upon the pertinent case law above, Wal-Mart has conclusively established by a preponderance of the evidence the amount in controversy is

satisfied based upon (1) Plaintiff's $300,000.00 pre-suit demand letter which attached over 150 pages of medical records/bills, as well as (2) Plaintiff's claims for serious and permanent or continuing permanent bodily injuries; pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expense of hospitalization, medical and nursing care and treatment; loss earnings; loss of earning capacity; and aggravation of a pre-existing condition..

## V. CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 19$^h$ Judicial Circuit in and for St. Lucie County, Florida.

**WHEREFORE**, Defendant WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 562019CA000364AXXXHC on the docket of the Court for the 19th Judicial Circuit in and for St. Lucie County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 2:19-cv-14112

Respectfully submitted,

*/s/ Gilda M. Chavez*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No.: 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690
***Attorneys for Wal-Mart Stores East LP***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Gilda M. Chavez, Esq.*
Gilda M. Chavez, Esq.

CASE NO.: 2:19-cv-14112

## SERVICE LIST

Frank DiGiancomo, Esq.
Florida Bar No. 134546
Law Office of Frank DiGiancomo
529 S.E. Palm Beach Road, Suite 101
Stuart, Florida 34994
Telephone:   (772) 287-0609
Service email: pleadings@digiacomolawoffice.net
***Attorney for Plaintiff***

13

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690