2019CA000364 - DONNELLY, WENDY vs. WAL-MART STORES INC    Page 1 of 1

Case 2:19-cv-14112-RLR    Document 1-5    Entered on FLSD Docket 03/28/2019    Page 1 of 26

Back | Print

## 2019CA000364 - DONNELLY, WENDY vs. WAL-MART STORES INC

### SUMMARY

| | | |
|---|---|---|
| Judge: BRONIS, BARBARA W | Case Type: PREMISES LIABILITY-COMMERCIAL | Status: OPEN |
| Case Number: 2019CA000364 | Uniform Case Number: 562019CA000364AXXXHC | |
| Clerk File Date: 2/21/2019 | Status Date: 2/21/2019 | |
| SAO Case Number: | Total Fees Due: 0.00 | |
| Agency: | Agency Report #: | Custody Location: |

### PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | DONNELLY, WENDY | DIGIACOMO, FRANK (Main Attorney) |
| DEFENDANT | WAL-MART STORES INC | |
| DEFENDANT | WAL-MART STORES EAST, LP | |

### EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

### CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
|---|---|---|---|---|---|---|
| | | | No Additional Cases | | | |

### CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| P 3 | 14 | 3/26/2019 | REQUEST FOR ADMISSIONS ( V ) |
| P 3 | 13 | 3/26/2019 | REQUEST TO PRODUCE ( V ) |
| P 1 | 12 | 3/26/2019 | NOTICE SERVING INTERROGATORIES ( V ) |
| P 7 | 11 | 3/25/2019 | ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL ( V ) |
| P 3 | 10 | 3/15/2019 | COMPLAINT- AMENDED ( V ) |
| | 8 | 2/21/2019 | "RECIPIENTS: DIGIACOMO, FRANK - SUBJECT: SERVICE OF COURT DOCUMENT - 2019CA000364, DONNELLY, WENDY VS. WAL-MART STORES INC. - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-2/21/2019" |
| P 2 | 7 | 2/21/2019 | SUMMONS ISSUED ( V ) |
| | 6 | 2/21/2019 | CIRCUIT JUDGE BRONIS, BARBARA W: ASSIGNED |
| P 2 | 5 | 2/21/2019 | SUMMONS TO BE ISSUED BY CLERK ( V ) |
| P 2 | 4 | 2/21/2019 | COMPLAINT ( V ) |
| P 2 | 3 | 2/21/2019 | CIVIL COVER SHEET ( V ) |
| | 2 | 2/21/2019 | PLAINTIFF ATTORNEY: DIGIACOMO, FRANK ASSIGNED |
| | 1 | 2/21/2019 | CASE FILED 02/21/2019 CASE NUMBER 2019CA000364 |
| | 9 | 2/21/2019 | PAYMENT $410.00 RECEIPT #2019000015413 RECEIVED FOR FILING NUMBER 85287167 VIA FILINGPAYMENTS20190221235959.TXT. |

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

Case No.: <u>562019CA000364AXXXHC</u>
Judge: <u>Barbara Bronis</u>

<u>Wendy Donnelly</u>
 Plaintiff
              vs.
<u>Wal-Mart Stores Inc.</u>
Defendant

---

II.     **TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – other
    ☐   Business governance
    ☐   Business torts
    ☐   Environmental/Toxic tort
    ☐   Third party indemnification
    ☐   Construction defect
    ☐   Mass tort
    ☐   Negligent security
    ☐   Nursing home negligence
    ☒   Premises liability – commercial
    ☐   Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐   Commercial foreclosure $0 - $50,000
    ☐   Commercial foreclosure $50,001 - $249,999
    ☐   Commercial foreclosure $250,000 or more
    ☐   Homestead residential foreclosure $0 – 50,000
    ☐   Homestead residential foreclosure $50,001 - $249,999
    ☐   Homestead residential foreclosure $250,000 or more
    ☐   Non-homestead residential foreclosure $0 - $50,000
    ☐   Non-homestead residential foreclosure $50,001 - $249,999

☐   Non-homestead residential foreclosure $250,00 or more
☐   Other real property actions $0 - $50,000
☐   Other real property actions $50,001 - $249,999
☐   Other real property actions $250,000 or more

☐   Professional malpractice
    ☐   Malpractice – business
    ☐   Malpractice – medical
    ☐   Malpractice – other professional
☐   Other
    ☐   Antitrust/Trade Regulation
    ☐   Business Transaction
    ☐   Circuit Civil - Not Applicable
    ☐   Constitutional challenge-statute or ordinance
    ☐   Constitutional challenge-proposed amendment
    ☐   Corporate Trusts
    ☐   Discrimination-employment or other
    ☐   Insurance claims
    ☐   Intellectual property
    ☐   Libel/Slander
    ☐   Shareholder derivative action
    ☐   Securities litigation
    ☐   Trade secrets
    ☐   Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

1

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Frank Digiacomo     FL Bar No.: 134546
    Attorney or party                                   (Bar number, if attorney)

Frank Digiacomo     02/21/2019
    (Type or print name)                                         Date

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.:  562019CA000364AXXXHC
Judge Barbara Bronis

WENDY DONNELLY,

Plaintiff,

vs.

WAL-MART STORES, INC.

Defendant.
_____/

## COMPLAINT-NEGLIGENCE

Plaintiff, WENDY DONNELLY, sues the Defendant, WAL-MART STORES, INC., and alleges:

1.    This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00) in amount.

2.    The Defendant is a foreign corporation licensed and conducting business in St. Lucie County, Florida.

3.    Plaintiff is a resident of St. Lucie County, Florida.

4.    On or about December 1, 2017, the Defendant was the owner of the Wal-Mart store located at 1675 NW Saint Lucie West Blvd, Port St. Lucie, St. Lucie County, FL.

5.    At that time and place, Plaintiff, WENDY DONNELLY, an invited guest, was on the above property to do some shopping.

6.    At that time and place, Plaintiff, WENDY DONNELLY, severely injured herself when she slipped and fell due to a foreign slippery substance on the floor inside the Defendant's store.

7.     The Defendant owed a duty to the Plaintiff to use reasonable care in maintaining its premises and breached that duty by:

a.     Negligently failing to maintain its premises in a reasonably safe condition;

b.     Negligently failing to correct a dangerous condition of which defendant knew or should have known by the use of reasonable care.

c.     Negligently failing to warn Plaintiff of a dangerous condition concerning which Defendant had, or should have had, knowledge greater than that of Plaintiff;

d.     Failing to perform routine safety or zone checks in the area where Plaintiff fell.

8.     The negligent condition was known to the Defendant or existed for a sufficient length of time so that the Defendant should have known about it.

9.     As a result of Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, WENDY DONNELLY, demands judgment for damages against the Defendant, WAL-MART STORES, INC., together with costs in this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as of right.

Dated this 21st day of February, 2019

By:     /s/  Frank DiGiacomo
FRANK DIGIACOMO, ESQUIRE
Florida Bar No. 134546
Attorney for Plaintiff
529 SE Palm Beach Road, Suite 101
Stuart, Florida 34994
(772) 287-0609
Service email: pleadings@digiacomolawoffice.net

Case 2:19-cv-14112-RLR Document 1-5 Entered on FLSD Docket 03/28/2019 Page 6 of 26

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.:  **562019CA000364AXXXHC**
Judge Barbara Bronis

WENDY DONNELLY,

       Plaintiff,

vs.

WAL-MART STORES, INC.

       Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on the defendant:

**WAL-MART STORES, INC.**
**By serving its Registered Agent:**
**C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

**Frank DiGiacomo, Esq.**
**529 SE Palm Beach Road, Suite 101**
**Stuart, Florida 34994**
**(772) 287-0609/Fax-(772) 287-6254**
**E-service:  pleadings@digiacomolawoffice.net**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED _____, 2019.

                _____
                Circuit Court Clerk

                By: _____
                    As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney fight away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiffs Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escfito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podda ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuema, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiffs Attorney". (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecfite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ultefieur du Tribunal. I1 y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous cholsissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiffs Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

us.

Case 2:19-cv-14112-RLR Document 1-5 Entered on FLSD Docket 03/28/2019 Page 8 of 26

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562019CA000364AXXXHC
Judge Barbara Bronis

WENDY DONNELLY,

     Plaintiff,

vs.

WAL-MART STORES, INC.

     Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on the defendant:

**WAL-MART STORES, INC.**
**By serving its Registered Agent:**
**C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose name and address is:

**Frank DiGiacomo, Esq.**
**529 SE Palm Beach Road, Suite 101**
**Stuart, Florida 34994**
**(772) 287-0609/Fax-(772) 287-6254**
**E-service: pleadings@digiacomolawoffice.net**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED _____February 21st_____, 2019.

          Joseph E Smith
          Circuit Court Clerk

          By: Vera Smith
          As Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney fight away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiffs Attorney" named above.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escfito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podda ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuema, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiffs Attorney". (Demandate o Abogado del Demanadante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecfite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ultefieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous cholsissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiffs Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

us.

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562019CA000364AXXXHC

WENDY DONNELLY,

        Plaintiff,

vs.

WAL-MART STORES EAST, LP

        Defendant.

_____/

## AMENDED COMPLAINT-NEGLIGENCE

    Plaintiff, WENDY DONNELLY, sues the Defendant, WAL-MART STORES EAST, LP, and alleges:

    1.    This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00) in amount.

    2.    The Defendant is a foreign corporation licensed and conducting business in St. Lucie County, Florida.

    3.    Plaintiff is a resident of St. Lucie County, Florida.

    4.    On or about December 1, 2017, the Defendant was the owner of the Wal-Mart store located at 1675 NW Saint Lucie West Blvd, Port St. Lucie, St. Lucie County, FL.

    5.    At that time and place, Plaintiff, WENDY DONNELLY, an invited guest, was on the above property to do some shopping.

    6.    At that time and place, Plaintiff, WENDY DONNELLY, severely injured herself when she slipped and fell due to a foreign slippery substance on the floor inside the Defendant's store.

7.     The Defendant owed a duty to the Plaintiff to use reasonable care in maintaining its premises and breached that duty by:

    a.     Negligently failing to maintain its premises in a reasonably safe condition;

    b.     Negligently failing to correct a dangerous condition of which defendant knew or should have known by the use of reasonable care.

    c.     Negligently failing to warn Plaintiff of a dangerous condition concerning which Defendant had, or should have had, knowledge greater than that of Plaintiff;

    d.     Failing to perform routine safety or zone checks in the area where Plaintiff fell.

8.     The negligent condition was known to the Defendant or existed for a sufficient length of time so that the Defendant should have known about it.

9.     As a result of Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, WENDY DONNELLY, demands judgment for damages against the Defendant, WAL-MART STORES EAST, LP, together with costs in this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as of right.

Dated this 15th day of March, 2019.

           By:    __/s/__ Frank DiGiacomo_____
                 FRANK DIGIACOMO, ESQUIRE
                 Florida Bar No. 134546
                 Attorney for Plaintiff
                 529 SE Palm Beach Road, Suite 101
                 Stuart, Florida 34994
                 (772) 287-0609
                 Service email: pleadings@digiacomolawoffice.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2019, the foregoing was electronically filed through the Florida Courts E-Filing Portal and emailed to attorney for Defendant: Annalisa Gutierrez, Esq. Hamilton, Miller & Birthisel LLP, 101 NE Third Avenue, Suite 1500, Fort Lauderdale, FL 33301 @ agutierrez@hamiltonmillerlaw.com.

By:  /s/ Frank DiGiacomo, Esq.
FRANK DIGIACOMO, ESQUIRE
Florida Bar No. 134546
Attorney for Plaintiff
529 SE Palm Beach Road, Suite 101
Stuart, Florida 34994
Telephone:  (772) 287-0609
Service Email: pleadings@digiacomolawoffice.net

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 562019CA000364AXXXHC

WENDY DONNELLY,

        Plaintiff,

v.

WAL-MART STORES EAST LP,

        Defendant.

_____/

## WAL-MART STORES EAST, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

1.    Admitted that Plaintiff claims damages in excess of Fifteen Thousand Dollars in this action. Defendant is otherwise without knowledge as to the truth or veracity of the allegations in Paragraph 1 and therefore denies and demands strict proof thereof.

2.    Admitted for the purposes of this litigation only that Wal-Mart was and is a foreign limited partnership operating a Wal-Mart store in St. Lucie County, Florida. All remaining allegations are denied.

3.    Admitted.

4.    Admitted for purposes of this litigation only that on or about December 1, 2017, Wal-Mart owned and operated the retail store located at 1675 NW Saint Lucie West, Blvd., Port Saint Lucie, Florida.

5.    Defendant is without knowledge to admit or deny.  Therefore, denied.

6.    Denied.

7.    Denied, including all subparagraphs (a) through (d).

8.    Denied.

9.    Denied

Wherefore clause—Denied.

**WHEREFORE,** Defendant, WAL-MART STORES EAST, LP, respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice as it fails to state a cause of action for which relief can be granted, and requests this Court grant any other award it may deem just and proper.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury; however, Defendant asserts that there are no triable issues to be heard.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its First Affirmative Defense, WAL-MART alleges that the injuries alleged in the Amended Complaint were pre-existing.  Therefore, WAL-MART cannot be held liable for such injuries, as they would have been inevitably worsened.

Alternatively, if the Plaintiff, Wendy Donnelly, was injured on the property, liability extends only to the aggravation of the pre-existing conditions.

### Second Affirmative Defense

As its Second Affirmative Defense, WAL-MART alleges that Plaintiff, Wendy Donnelly's own acts of negligence amount to a superseding cause that cuts off any causal connection between WAL-MART's alleged negligence and Plaintiff's damages.

### Third Affirmative Defense

As its Third Affirmative Defense, WAL-MART alleges that Plaintiff's damages were caused either in whole or in part by Plaintiff, Wendy Donnelly's own acts of negligence, including but not limited to the failure to exercise reasonable care for her own safety including failure to exercise caution while walking in the premises, failing to observe her surroundings and/or appreciate an open and obvious condition, and an award, if any, should be reduced accordingly by the principles of comparative fault.

### Fourth Affirmative Defense

As its Fourth Affirmative Defense, WAL-MART alleges that Plaintiff's damages were caused either in whole or in part by the act(s) of third persons for whom WAL-MART is not responsible and that amount to a superseding cause that cuts off any causal connection between WAL-MART's alleged negligence and Plaintiff's damages, including the customer that spilled the substance.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 562019CA000364AXXXHC

### Fifth Affirmative Defense

As its Fifth Affirmative Defense, WAL-MART alleges that Plaintiff failed to mitigate her damages, or alternatively, Plaintiff mitigated her damages, and therefore, its damages, if any, should be reduced accordingly.

### Sixth Affirmative Defense

As its Sixth Affirmative Defense, WAL-MART alleges it is entitled to a set-off for any and all monies paid on behalf of the Plaintiff towards her treatment and medical care as well as any monies received from collateral and non-collateral sources.

### Seventh Affirmative Defense

As its Seventh Affirmative Defense, WAL-MART alleges that the liability of non-party tortfeasors should be considered by this Court, including the customer who spilled the substance, and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

### Eighth Affirmative Defense

As its Eight Affirmative Defense, WAL-MART alleges that the Complaint fails to state a cause of action for Negligence upon which relief can be granted.

### Ninth Affirmative Defense

As its Ninth Affirmative Defense, WAL-MART alleges that there is no cause of action as WAL-MART had no actual or constructive notice of any alleged dangerous condition which allegedly caused or contributed to Plaintiff's injuries and/or the alleged condition was not present sufficiently long enough for

4

CASE NO.: 562019CA000364AXXXHC

WAL-MART to take corrective action, or there was no opportunity for WAL-MART to do so.

### Tenth Affirmative Defense

As its Tenth Affirmative Defense, WAL-MART did not breach any legal duty or standard of care owed to the Plaintiff nor was any act and/or omission on its part the proximate cause of any damages alleged in the Complaint.

### Eleventh Affirmative Defense

As its Eleventh Affirmative Defense, WAL-MART alleges that any alleged dangerous or defective condition on the premises of which Plaintiff complains was open and obvious and/or known or should have been known by Plaintiff and as such WAL-MART had no duty to warn.

### Twelfth Affirmative Defense

As its Twelfth Affirmative Defense, WAL-MART alleges that no dangerous condition existed that caused Plaintiff's alleged accident. Alternatively, if the dangerous condition described in Plaintiff's Complaint did exist, such condition was open and obvious, and therefore Plaintiff cannot recover for the alleged accident.

### Thirteenth Affirmative Defense

As its Thirteenth Affirmative Defense, WAL-MART alleges that there is no cause of action, as Wal-Mart did not create any dangerous or defective condition, and/or did not maintain an area in which such a condition existed.

CASE NO.: 562019CA000364AXXXHC

### Fourteenth Affirmative Defense

As its Fourteenth Affirmative Defense, WAL-MART reserves the right to amend in order to identify such parties or non-parties to be included on the verdict form pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262 (Fla. 1996).

### RESERVATION OF RIGHTS

Wal-Mart hereby reserves the right to amend, modify, or supplement these Affirmative Defenses.

**Dated: March 25, 2019**

Respectfully submitted,

/s/ Annalisa Gutierrez

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No.: 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East LP*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

CASE NO.: 562019CA000364AXXXHC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 25, 2019, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

/s/ Annalisa Gutierrez, Esq.
Annalisa Gutierrez, Esq.

## SERVICE LIST

FRANK DIGIACOMO, ESQUIRE
Florida Bar No. 134546
Attorney for Plaintiff
529 SE Palm Beach Road, Suite 101
Stuart, Florida 34994
(772) 287-0609
Service email: pleadings@digiacomolawoffice.net

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562019CA000364

WENDY DONNELLY,

        Plaintiff,

vs.

WAL-MART STORES EAST LP

        Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING FIRST SLIP AND FALL INTERROGATORIES TO DEFENDANT

Plaintiff, WENDY DONNELLY, by and through undersigned counsel hereby gives notice that pursuant to Rule 1.340(d) of the Florida Rules of Civil Procedure, First Slip and Fall Interrogatories have been propounded to the Defendant, WAL-MART STORES EAST LP, through its attorney, which are to be answered within thirty (30) days of the date of service hereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2019, the foregoing was electronically filed through the Florida Courts E-Filing Portal and electronically served to attorney for Defendant, Annalisa Gutierrez, Esq., Hamilton, Miller & Birthisel, LLP, 150 Southeast Second Avenue, Suite 1200, Miami, FL 33131at: agutierrez@hamiltonmillerlaw.com, mburgos@hamiltonmillerlaw.com, emarrero@hamiltonmillerlaw.com, jhamilton@hamiltonmillerlaw.com, and smarroquin@hamiltonmillerlaw.com.

By:      /s/ Frank DiGiacomo, Esq.
           FRANK DIGIACOMO, ESQUIRE
           Florida Bar No. 134546
           *Attorney for Plaintiff*
           529 SE Palm Beach Road, Suite 101
           Stuart, Florida 34994
           Phone: (772) 287-0609
           Service Email: pleadings@digiacomolawoffice.net

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562019CA000364

WENDY DONNELLY,

      Plaintiff,

vs.

WAL-MART STORES EAST LP

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

      Plaintiff, WENDY DONNELLY, by and through undersigned counsel, and pursuant to Rule

1.350, Florida Rules of Civil Procedure, requests the Defendant, WAL-MART STORES EAST LP,

to produce and permit the inspection and copying of the following documents and papers, and

Plaintiff shows the Court that he has need of the following items in the preparation of this case and is

unable to obtain the substantial equivalent of these materials by other means without undue hardship.

1.      All communications in written form between the plaintiff and defendant.

2.      All photographs of the accident scene.

3.      All video tapes of the accident scene.

4.      All security video(s)/DVD(s) of the actual fall of the plaintiff to include footage 6 hours before and after the fall.

5.      All photographs of the plaintiff.

6.      All video tapes of the plaintiff.

7.      All audio tapes of the plaintiff.

8.      All records and results of any slip resistant testing that was performed in the area where the plaintiff fell.

9.      Copies of any and all sweep records or any records which would indicate that the area in question was inspected by employees or agents of the defendant on 12/01/2017.

10.     Copies of any and all sweep records or any records which would indicate that the inside area of the defendant's store was inspected by employees or agents of the defendant on 12/01/2017.

11.     Copies of any and all sweep records or any records which would indicate that the area in question was inspected by employees or agents of the defendant six months prior to 12/01/2017.

12.     Copies of any and all sweep records or any records which would indicate that the inside area of the defendant's store was inspected by employees or agents of the defendant six months prior to 12/01/2017.

13.     Copies of any and all sweep records or any records which would indicate that the area in question was inspected by employees or agents of the defendant a year prior to 12/01/2017.

14.     Copies of any and all sweep records or any records which would indicate that the inside area of the defendant's store was inspected by employees or agents of the defendant a year prior to 12/01/2017.

15.     All architectural plans, designs, drawings and other graphic representation of the accident scene design and/or construction.

16.     All policies and procedures manuals, handouts, videotapes, and audio tapes.

17.     All maintenance and repair records for the date of 12/01/2017 and the previous one (1) year.

18.     All written and/or recorded statements of the plaintiff, employees, and witness as related to the plaintiff's fall accident.

19.     A list of all employees for 12/01/2017 and the previous two (2) months.

20.     A list of all fall accidents at the accident scene for the previous two (2) years and identify by name, address, and phone number the person who fell.

21.     A list of all products used at the accident scene where the plaintiff fell.

22.     Any written materials related to the care and upkeep of the accident scene.

23.     All statements and/or interviews related to the plaintiff's fall accident.

24.     Copies of all insurance policies in force of the time of the plaintiff's accident.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2019, the foregoing was electronically

filed through the Florida Courts E-Filing Portal and electronically served to attorney for Defendant,

Annalisa Gutierrez, Esq., Hamilton, Miller & Birthisel, LLP, 150 Southeast Second Avenue, Suite

1200, Miami, FL 33131at: agutierrez@hamiltonmillerlaw.com, mburgos@hamiltonmillerlaw.com, emarrero@hamiltonmillerlaw.com, jhamilton@hamiltonmillerlaw.com, and smarroquin@ hamiltonmillerlaw.com.

By:  /s/ Frank DiGiacomo, Esq.
FRANK DIGIACOMO, ESQUIRE
Florida Bar No. 134546
*Attorney for Plaintiff*
529 SE Palm Beach Road, Suite 101
Stuart, Florida 34994
Phone: (772) 287-0609
Service Email: pleadings@digiacomolawoffice.net

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562019CA000364

WENDY DONNELLY,

      Plaintiff,

vs.

WAL-MART STORES EAST LP

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

      PURSUANT to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff, WENDY
DONNELLY, by and through undersigned counsel, requests Defendant, WAL-MART STORES
EAST LP to admit in writing the truth of the matters set forth below on or by the thirtieth (30th) day
after service of this Request for Admission.

1.     ADMIT that you were the owner and/or in control of the property where and when the
subject incident occurred.

2.     ADMIT as the owner and/or controller of that property of the subject incident that it is your
responsibility to maintain and control the premises in a safe condition.

3.     ADMIT as the owner and/or controller of that property of the subject incident that it is your
responsibility to maintain and control the premises in a safe condition.

4.     ADMIT that as the owner and/or controller of the subject property you owe the duty to
plaintiff to maintain it in a safe condition.

5.     ADMIT that you inspected the scene of the occurrence a short time after plaintiff fell and
was injured.

6.     ADMIT that when plaintiff fell at the scene of the occurrence she received injuries.

7.     ADMIT that the area in question as mentioned in the complaint was poorly maintained just
prior to the incident.

8.     ADMIT that the area in question as mentioned in the complaint was not safety maintained
just prior to the incident.

9.     ADMIT that the area in question as mentioned in the complaint was dangerously maintained

just prior to the incident.

10. ADMIT that you did not inspect the area in question as mentioned in the complaint for fifteen (15) minutes prior to the incident.

11. ADMIT that you did not inspect the area in question as mentioned in the complaint for thirty (30) minutes prior to the incident.

12. ADMIT that you did not inspect the area in questions as mentioned in the complaint for forty-five (45) minutes prior to the subject incident.

13. ADMIT that you did not inspect the area in question as mentioned in the complaint for one (1) hour prior to the incident.

14. ADMIT that you did not inspect the area in question as mentioned in the complaint for in excess of one (1) hour prior to the incident.

16. ADMIT that your "sweep" records are incomplete or non-existent.

17. ADMIT that the scene of the occurrence lack adequate slip resistance.

18. ADMIT that you did properly maintain the scene of the occurrence for fifteen (15) minutes prior to the incident.

19. ADMIT that you did properly maintain the scene of the occurrence for thirty (30) minutes prior to the incident.

20. ADMIT that you did properly maintain the scene of the occurrence for sixty (60) minutes prior to the incident.

21. ADMIT that you have no written policies and procedures for customer safety in place at the scene of the occurrence.

22. ADMIT that you have no written policies and/or procedures for conducting visual inspections and/or "sweeps" at the scene of the occurrence.

23. ADMIT that the poorly maintained area in question caused plaintiff's fall.

24. ADMIT the slip resistance of the area in question was never tested.

25. ADMIT that the area in question does not meet the slip resistance required by the Americans with Disabilities Act.

26. ADMIT that at the time of the incident no warning signs and/or cones were placed at the location of the incident.

27. ADMIT that you do not have any type of safety training program concerning customer safety.

28. ADMIT that customers do not have a duty to inspect the area in question.

29. ADMIT that the area in question where the Plaintiff fell needed to be inspected prior to this

incident.

30.     ADMIT that the area in question where the Plaintiff fell needed to be properly maintained prior to this incident.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2019, the foregoing was electronically filed through the Florida Courts E-Filing Portal and electronically served to attorney for Defendant, Annalisa Gutierrez, Esq., Hamilton, Miller & Birthisel, LLP, 150 Southeast Second Avenue, Suite 1200, Miami, FL 33131at: agutierrez@hamiltonmillerlaw.com, mburgos@hamiltonmillerlaw.com, emarrero@hamiltonmillerlaw.com, jhamilton@hamiltonmillerlaw.com, and smarroquin@hamiltonmillerlaw.com.

By:     /s/ Frank DiGiacomo, Esq.
        FRANK DIGIACOMO, ESQUIRE
        Florida Bar No. 134546
        *Attorney for Plaintiff*
        529 SE Palm Beach Road, Suite 101
        Stuart, Florida 34994
        Phone: (772) 287-0609
        Service Email: pleadings@digiacomolawoffice.net