UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:19-cv-14112-ROSENBERG/MAYNARD

WENDY DONNELLY,

    Plaintiff,

v.

WAL-MART STORES EAST LP.,

    Defendant.
_____/

## **WAL-MART STORES EAST, LP'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Wal-Mart Stores East, LP., moves for an order granting summary judgment in its favor, and states:

### **Preliminary Statement**

This case is simple. Plaintiff Wendy Donnelly slipped and fell on a transitory substance, which she claims was a clear liquid. She has sued Wal-Mart alleging negligence. There is nothing, however, in the record to show that Wal-Mart created the condition or knew or should have known of any substance on the floor where Donnelly slipped. Consequently, Donnelly cannot meet her burden of proving either actual or constructive knowledge of the liquid, and Wal-Mart is entitled to summary judgment as a matter of law.

### **Memorandum of Law**

**I.    Summary judgment standard**

The summary judgment standard, of course, is well known: whether there exists a genuine issue of material fact on the record as it now stands. And there is no genuine issue of fact here because Donnelly cannot establish Wal-Mart breached a duty owed to her.

**II.     The entry of summary judgment in Wal-Mart's favor is proper—there is no evidence Wal-Mart had actual or constructive notice of a dangerous condition**.

Ms. Donnelly's cause of action triggers Florida Statute § 768.0755, titled "Premises liability for transitory foreign substances in a business establishment."[1] Section 768.0755 provides that a person who slips and falls on a transitory substance in a business establishment must "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." The plaintiff may prove the business establishment has constructive knowledge by circumstantial evidence showing that:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Florida Statute § 768.0755 does not provide for a standard of strict liability for slips on transitory conditions—negligence may not be concluded from the mere happening of an accident alone. *See Winn-Dixie Stores, Inc. v. Marcotte*, 553 So. 2d 213, 214 (Fla. 5th DCA 1989) ("An entity in the actual possession and control of a premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons…").

When the evidence is viewed in the light most favorable to Donnelly, she cannot meet her burden of proof to establish Wal-Mart had actual or constructive notice of the transitory substance (i.e. the water) that allegedly caused her to fall. Clearly, Donnelly cannot dispute that Wal-Mart did not have actual notice or that Wal-Mart created the condition (caused the water to be on the floor). And Donnelly can present no competent evidence that any Wal-Mart employee

---

[1] A federal court siting in diversity applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010). Ms. Donnelly's negligence claim arises from alleged injuries sustained at a Wal-Mart store in Florida. (Ex. "A," Am. Compl. ¶4). Thus, the principles of Florida law govern this action.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

knew of the water before her incident. She also cannot contend the condition occurred with regularity. Ms. Donnelly cannot meet her burden at summary judgment for numerous reasons as outlined below. Summary judgment in Wal-Mart's favor is warranted.

      **A.    Wal-Mart did not have actual knowledge of the water before Donnelly's incident.**

The record is devoid of any evidence sufficient to raise a genuine issue of fact regarding Wal-Mart's actual notice of the allegedly dangerous condition. An owner has actual knowledge of a dangerous condition when the owner or one of their agents knows or creates the dangerous condition. *See Barbour v. Brinker Florida, Inc.* 801 So. 2d 953, 957 (Fla. 5th DCA 2001). Wal-Mart cannot be held liable on the theory of negligence simply because Donnelly slipped and fell on the water. *See Winn Dixie v. White*, 675 So. 2d 702 (Fla. 4th DCA 1996) (holding that negligence "may not be inferred from the mere happening of an accident alone"); *Winn-Dixie Stores v. Mazzie*, 707 So. 2d 927 (Fla. 5th DCA 1998) (granting summary judgment in the defendant's favor where the plaintiff did not see the source of the substance before the incident and the plaintiff did not know how long the substance had been on the floor).

It is undisputed that before Donnelly's fall, no Wal-Mart employee knew of the water on the floor. Ms. Donnelly has presented no evidence that any Wal-Mart associate actually knew of the water before her incident. There is no dispute that Wal-Mart did not have actual knowledge of the water before Donnelly's incident because there is no evidence a Wal-Mart employee caused the water to be on the floor or knew it was there before the incident. In fact, the video evidence[2] shows the water likely came from a shopper's cart. (Ex. "D," CCTV video at 1:50:05.).

---

2      Video footage is reliable evidence in slip-and-fall summary judgment cases and it can and should be considered when appropriate. *See, e.g., Lavora v. NCL (Bahamas) Ltd.*, 15-24285-CIV, 2016 WL 7325592, at *3 (S.D. Fla. Dec. 16, 2016). Where a video recording of an event obviously contradicts a party's version of the facts, the Court may accept the video's depiction instead of the party's. *See Pourmoghani-Esfahani*, 625 F.3d 1313, 1315 (11th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)) ("When opposing

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

With no evidence Wal-Mart caused the waster to be on the floor or knew of its presence, Donnelly has failed to prove Wal-Mart had actual knowledge of the alleged condition which caused her incident. Without actual notice, Donnelly's only avenue to meet the mandates of section 768.0755 is to prove Wal-Mart had constructive notice of the water. She is similarly unable to prove constructive notice.

### B.     Wal-Mart did not have constructive notice of the water.

There is abundant Florida case law that the existence of a dangerous condition for ***less than 15 minutes is insufficient time, as a matter of law, to put a defendant on constructive notice***. These cases all support the entry of summary judgment for the defendant where a condition exists for less than 15 minutes. In *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d DCA 1972), the court held that the dangerous condition must have existed for at least 15-20 minutes for "defendants to be charged with knowledge of the condition and a reasonable time in which to correct it." This is because to have a finding of constructive notice, there must be evidence of a reasonable time in which the condition could have been corrected.

The Eleventh Circuit decision in *Pussinen v. Target Corp.*, No. 17-15083, 2018 U.S. App. LEXIS 12960, at *3 (11th Cir. May 16, 2018), supports Wal-Mart's Summary Judgment Motion. There, the plaintiff alleged she slipped on a liquid substance on the floor of a main aisle near the toy department in a Super Target store. A store employee testified he had not walked the aisle where the plaintiff fell for at least 15 minutes before her fall. *Id.* The district court granted the defendant-Target's summary judgment motion. *Id.* at *1. The plaintiff appealed, "challeng[ing]

---

parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (finding that "where an accurate video recording completely and clearly contradicts a party's testimony, that testimony becomes incredible"). It is well-established that the plaintiff's speculation regarding the cause of her fall cannot create a genuine issue of material fact for trial. *See J.B. ex rel. Brown v. Amerson*, 519 F. App'x 613, 619 (11th Cir. 2013) (affirming summary judgment due to video footage even with conflicting deposition testimony).

the court's ruling that she failed to present the required evidence that Target had constructive knowledge of the slippery substance on the floor." *Id.*

In affirming summary judgment, the court reasoned that the plaintiff did not know how long the water was on the floor and the only evidence she presented regarding timing was one of Target's employees who testified that the last time he traversed the area was over 15 minutes before the fall. *Id.* at *5-6. The court concluded that "a jury could not reasonably infer that the liquid was on the floor for more than fifteen minutes based solely on [the employee's] testimony."

And in *Hussain v. Winn Dixie Stores, Inc.,* 765 So. 2d 141, 142 (Fla. 5th DCA 2000), the court found that although egg splatter was described as "dirty," constructive notice was not found where the only marks through the eggs were created by the plaintiff, there was no evidence that this specific egg had crusted or "aged," and there had been an inspection of the area 15 to 20 minutes before the fall.

Similarly, in *Winn Dixie Stores, Inc. v. Gaines*, 542 So. 2d 432 (Fla. 4th DCA 1989), the plaintiff slipped and fell on some rice and beans which had spilled on the floor while she was shopping in the defendant's supermarket. There was no evidence on how long the rice and beans had been on the floor, however, there was testimony the area was inspected 30 minutes before the accident. The court concluded that insufficient time then elapsed between the time of the inspection and the accident to impose constructive knowledge on management of the condition of the aisle. *Id.* at 433; *see generally Zimmerman v. Eckerd Corp.*, 839 So.2d 835 (Fla. 3d DCA 2003) (affirming summary judgment based on unimpeached evidence of inspections every 5-10 minutes); *Gaidymowicz v. Winn-Dixie Stores, Inc.*, 371 So. 2d 212 (Fla. 3d DCA 1979) (affirming directed verdict for the defendant where detergent was on the floor for five minutes).

5
HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Here, even drawing every reasonable inference for Donnelly, Wal-Mart is entitled to summary judgment in its favor because she has not satisfied her burden of proving Wal-Mart had constructive notice of the water before her incident (which appears to have come from a shopper's cart and was not created by Wal-Mart); the video evidence supports the fact the water was on the floor for ***no more than 1 minutes and 7 seconds, which is insufficient for a constructive notice finding***. *See* Statement of Facts at ¶¶ 17-24; *See Pussinen*, 2018 U.S. App. LEXIS 12960 (15 minutes since employee last passed through or inspected area not sufficient length of time to impute constructive notice); *Gaines*, 542 So. 2d 432 (30 minutes not sufficient). There is no evidence the water was on the floor for a sufficient length of time to impose constructive knowledge upon Wal-Mart as a matter of law. The record evidence is not enough for a reasonable jury to infer that the water had been on the floor for a sufficient length of time to charge Wal-Mart with constructive knowledge of its presence warranting summary judgment in Wal-Mart's favor.

### C.   Ms. Donnelly's incident was not foreseeable due to similar incidents.

Summary judgment in Wal-Mart's favor is also proper because there is no record evidence slip and falls involving water in the aisle at issue occurred with enough regularity to impute constructive notice upon Wal-Mart. (*See* Statement of Facts at ¶25: "There have been no other slip and fall incidents in the bottled water and chip aisle of this Wal-Mart store in the three years before the incident"); *See Peer v. Home Depot USA, Inc.,* No. NO. 2:1l-cv-14356-KMM, 2012 WL 1453573, at *3 (S.D. Fla. Apr. 26, 2012).

Here, Donnelly cannot rely on foreseeability to establish constructive notice because she can provide no evidence of substantially similar slip and fall incidents before hers. Wal-Mart anticipates, however, that Donnelly will, in broad brush fashion, conclusively characterize the

entirety of the prior/subsequent incidents she obtained in discovery as "substantially similar" because they simply involve a fall at the store at issue. She cannot fulfill her burden of establishing that any of these incidents are substantially similar, and therefore, they cannot be used to show Wal-Mart had notice of a defective condition. The prior/subsequent incidents did not occur where Donnelly fell, were not due to the same condition on the floor, and other factors contributed to their cause.

In the Eleventh Circuit, evidence of prior incidents is admissible when "the proponent of such evidence . . . show[s] that the conditions substantially similar to the occurrence caused the prior accidents." *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 n.12 (11th Cir. 1997); *see also Ramirez v. E.I. RCL de Nemours and Co.*, No. 09-cv-321, 2010 WL 3467655, *1 - *2 (M.D. Fla. Sept. 1, 2010) (granting the defendant's motion in limine because plaintiff failed to proffer, outside the jury's presence, that conditions substantially similar to the occurrence in question caused the other accidents). The proponent of prior incident evidence must show: (1) that conditions substantially similar to the occurrence in question caused the other incident, (2) the other incident is not too remote in time, *and* (3) the other incident evidence is subject to the reasonable discretion of the trial court as to whether prejudice or confusion of issues which may probably result from the admission of such evidence outweighs the probative value of the evidence. *See Pinchinat v. Graco Children's Prods, Inc.*, No. 04-cv-252, 2005 WL 5960928 at *2 (M.D. Fla. Apr. 7, 2005).

Plaintiff bears the burden of identifying the specific circumstances and conditions under which her fall occurred and which show that each prior incident is "substantially similar," in all circumstances, to hers. To summarily deem all identified prior occurrences "substantially similar" simply because the person fell at the Wal-Mart store is insufficient. More particularly,

evaluation of substantial similarity should take into consideration any number of circumstances and conditions, for instance:

(1) the type of occurrence (slip vs. slip and fall);

(2) whether the incident occurred near the area where Donnelly alleges she fell or somewhere else;

(3) nature of the liquid;

(4) source of the liquid;

(5) the extent to which an injury was sustained, if at all;

(6) customer's activity at the time of the fall;

(7) presence of contributing factors (footwear, etc.); and

(8) status of person involved (child versus adult).

The foregoing is a non-exhaustive list of variables that should be evaluated before the prior/subsequent incidents disclosed by Wal-Mart can be labeled "substantially similar." Wal-Mart asserts that Donnelly is unable to undertake such analysis, and thus, cannot meet her burden of laying a sufficient predicate to establish similarity between any prior/subsequent incidents and her incident if she were to somehow use the prior/subsequent incidents to argue constructive notice. *See generally Pinchinat*, 2005 WL 5960928 at *2 (noting that the proponent of other claims/accident evidence must lay the requisite substantial similarity predicate); *see also Ramirez*, 2010 WL 3467655.

If in fact Donnelly in response endeavors to use the prior/subsequent incidents disclosed in discovery, Wal-Mart will show none involved the same accident location, occurred under different conditions (e.g., different flooring surface, running customers, customers wearing flip-flops and Crocs) and circumstances (e.g., rain water, leaking water from a vending machine, broken bottle of salad dressing) and which ended with dissimilar results. *See Sorrels v. NCL*

*(Bahamas) Ltd.*, 796 F. 3d 1275, 1287-88 (11th Cir. 2015) (22 slip and fall incidents submitted by the plaintiff were not substantially similar because none of the falls occurred where the plaintiff had fallen, and all of the individuals who had fallen were wearing different styles of shoes and other additional factors were involved). The above-cited authorities require "substantial similarity" in terms of circumstances and conditions, not an isolated element or factor that is *merely* similar. The prior/subsequent incidents are not substantially similar to the facts of the present case to warrant consideration.[3]

Further, the prior/subsequent incidents when compared to the several million customers that frequented Wal-Mart's store during the three year period are simply insignificant in number and cannot rise to the level of being considered "regular" under the statute. (*See* Statement of Facts at ¶26: 255,401 sales transactions alone in the month of December 2017).

Moreover, floor safety and the prevention of slip and fall incidents on hazardous substances is a priority for Wal-Mart; therefore, employees are trained to, and do, continuously and routinely inspect the store floors to identify and correct possible unsafe conditions in an effort to keep the store reasonably safe for its customers and other employees. (*See* Statement of Facts at ¶27). There is no evidence Wal-Mart failed to adequately maintain the floor where Donnelly's incident occurred. Similarly, there is no evidence Wal-Mart failed to adequately inspect the floor. In fact, the only evidence in this case is that Wal-Mart had reasonable procedures in place to keep its premises reasonably safe, and Wal-Mart's associates consistently and routinely inspect the floors throughout the entire day to ensure floors are hazard free. It is undeniable that the

---

[3] And to the extent Donnelly attempts to introduce evidence of other incidents in any manner other than through the live testimony of individuals possessing first-hand knowledge of such other incidents, such evidence would constitute *inadmissible hearsay*. Out-of-court statements, either in complaints, reports or statements by a third party or witness, could only be offered to prove the truth of the matter asserted therein. *See* Fed. R. Evid. 801(c). Accordingly, any documentary evidence of other incidents, including Wal-Mart's discovery response, or any testimonial evidence by anyone without first-hand knowledge of the other incidents, should be excluded from evidence. *See* Fed. R. Evid. 802.

9
HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

subject Wal-Mart store took reasonable precautions steps to address the possibility of injury from foreign transitory substances or objects by taking reasonable steps to proactively address any such general hazards. Therefore, without such notice of the substance on the floor, Wal-Mart breached no duty owed to Donnelly.

In sum, the record is devoid of any evidence that spills and falls occurred in the area where Donnelly fell. There is nothing in this record to support an assertion of regularity to overcome summary judgment.

## Conclusion

Ms. Donnelly's claim fails because there is no evidence Wal-Mart had actual or constructive notice of a dangerous condition. Ms. Donnelly cannot prove as a matter of law that the substance she claims she slipped on existed for enough time to place Wal-Mart on notice as a matter of law. Wal-Mart requests the Court enter summary judgment in its favor.

**Dated: January 13, 2020**

Respectfully submitted,

**/s/ *William H. Edwards*_____**
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards Esq.
Florida Bar No.:
wedwards@hamiltonmillerlaw.com
Suzette L. Russomanno, Esq.
Florida Bar No.: 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:    (305) 379-3686
Facsimile:    (305) 379-3690
***Attorneys for Wal-Mart Stores East LP***

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

In compliance with Local Rule 7.1. (a)(3), the undersigned conferred with Plaintiff's counsel on January 13, 2020, in a good faith effort to resolve the issues raised in this Motion but has been unable to do so.

**/s/ *William H. Edwards*_____**
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards Esq.
Florida Bar No.:
wedwards@hamiltonmillerlaw.com
Suzette L. Russomanno, Esq.
Florida Bar No.: 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:     (305) 379-3686
Facsimile:      (305) 379-3690
***Attorneys for Wal-Mart Stores East LP***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

**/s/ William H. Edwards, Esq.**
William H. Edwards, Esq.

## SERVICE LIST

Frank DiGiancomo, Esq.
Florida Bar No. 134546
Law Office of Frank DiGiancomo
529 S.E. Palm Beach Road, Suite 101
Stuart, Florida 34994
Telephone:   (772) 287-0609
Service email: pleadings@digiacomolawoffice.net

Frank D. Butler, Esq.
Florida Bar No. 940585
fdblawfirm@aol.com
James S. Curtis, Esq.
Florida Bar No.: 738654
jcurtis@fightingforfamilies.com
Frank D. Butler, P.A.
10550 US Hwy 19 North
Pinellas Park, FL 33782
Telephone: (727) 399-2222
Fax:  (727) 399-2202
Savannah@fightingforfamilies.com

*Attorneys for Plaintiff*