UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-CV-14112-ROSENBERG/MAYNARD

WENDY DONNELLY,

    Plaintiff,

v.

WAL-MART STORES EAST LP.,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 67]. The motion has been fully briefed. For the reasons set forth below, Defendant's Motion is granted and summary judgment is entered in favor of Defendant.

### I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*,

451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

## II. FACTS

This is a slip-and-fall case. A customer at Defendant's store spilled a liquid onto the floor that "looked like water." After the customer who spilled a liquid onto the floor realized what she had done, she left the area of the spill. Almost immediately, the Plaintiff fell on the liquid. This lawsuit followed, but the customer who created the spill is not the Defendant in this case—the Defendant is the owner of the store, Wal-mart. Plaintiff brings a single claim for negligence against Wal-mart, contending that Wal-mart was negligent in connection with her fall. After the close of discovery, Defendant moved for summary judgment. Defendant's motion is the matter currently pending before this Court.

## III. LEGAL ANALYSIS AND DISCUSSION

Florida Statute 768.0755 governs Plaintiff's claim. Pursuant to section 768.0755, a plaintiff who slips and falls on a transitory substance in a business establishment must "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Thus, for Plaintiff to prevail Plaintiff must show that Defendant had either actual knowledge of the spill or constructive knowledge of the spill. Defendant argues that Plaintiff has evidence of neither. The Court considers each possibility in turn.

A. **Defendant's Actual Knowledge of the Spill**

Defendant argues that Plaintiff has no evidence that Defendant had actual knowledge or notice of the dangerous condition—the spill. In response, Plaintiff argues that video surveillance footage of the accident creates a question of fact on this issue—that the video would permit a juror to conclude

that an employee[1] of Defendant saw the spill. The Court has therefore closely examined the video evidence.

At 1:50:39, the item that caused the spill can clearly be seen—it is a liquid container in a shopping cart, perhaps a water bottle:



DE 66-4. A few seconds later, at 1:50:42, the container tips over when the customer quickly turns the cart down the aisle:

---

1 The Court is unaware of any evidence that the alleged employee seen in the video was on-duty during the relevant period of time, however, even if the employee was on-duty the Court's decision would remain unchanged.



*Id.* The customer then proceeds down the aisle and eventually parks the cart. The cart remains parked for approximately three minutes. Eventually, the customer notices the spill that accumulated under the cart and can be seen hunched over the spill at 1:53:24:



*Id.* The customer likely noticed the spill because the size of the spill was substantial:



DE 83-1.[2] The customer then leaves the spill on the ground and exits the aisle on the far side; sixty-seven seconds after the customer leaves the site of the spill, the Plaintiff slips and falls on the liquid (1:54:36). DE 66-4.

Plaintiff's evidence that an employee saw the spill does not take place at any time during the sixty-seven seconds the spill remained on the ground. Instead, Plaintiff cites to the period of time when the customer's shopping cart, from which the liquid spilled, was parked over the liquid. Plaintiff contends that an employee of Defendant (circled below) had actual knowledge of the spill during this one-second period of time:

---

2 This photograph was attached to Defendant's Reply; the Court includes it for background informational purposes only.



*Id.* (1:52:44). The Court finds that this is not evidence a reasonable juror could rely upon to find that Defendant had actual knowledge of the spill for a number of reasons.

First, the Court refers to a "one second" period of time for a reason. The alleged employee moves from right to left at an extremely high rate of speed and, in less than the blink of an eye, the employee's view of the spill is blocked by two shoppers with shopping carts. Second, because the employee is moving quickly while pulling a heavy cart, the Court is unable to reasonably infer that the employee's vision was directed towards the spill in lieu of the direction of his travel. Third, the site of the spill was extremely far from the employee's perpendicular path.³ Fourth, the site of the spill was obscured, at this time, by the body and cart of the shopper who spilled the liquid. Fifth, the shopper who spilled the liquid took several minutes to actually see the spill even though she was in close proximity to it. Sixth, it is undisputed that the dangerous substance was "a watery liquid" and it looked

---

3 Although there is evidence to suggest that some liquid leaked out from the cart as the cart moved down the aisle (a trail of liquid), the Plaintiff slipped and fell on the pool of liquid that had time to accumulate under the shopping cart at the end of the aisle; the Plaintiff did not slip on the trail of liquid, she slipped on the accumulation of liquid.

like "water," thus, it would have been difficult to see even if the employee in the video was *not* moving at a high rate of speed at a great distance. In summary, any argument that the alleged employee would have seen the spill is pure speculation. A juror would have to conclude that the employee turned his head and, in a single second, looked very far down the aisle, could see the spill even though a customer's body and cart was obscuring it, and could see the liquid even though it was clear. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)); *see also Feinman v. Target Corp.*, No. 12-CV-62480, 2012 WL 6061745, at *6 n.4 (S.D. Fla. Dec. 6, 2012) ("[A]n inference is not reasonable if it is only a guess or a possibility for such an inference is not based on the evidence but is pure conjecture and speculation." (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1322 (11th Cir. 1982)). Plaintiff seeks to impermissibly stack inference upon inference. *See Feinman*, 2012 WL 6061745, at *6 ("[S]uch a conclusion could only be reached by impermissibly piling inferences upon inferences."). No reasonable juror, upon reviewing the video footage, could conclude that the one-second moment at 1:52:44 imputed actual knowledge of a dangerous condition upon Defendant. *Anderson*, 477 U.S. at 248. For this reason, summary judgment is entered in Defendant's favor as to whether Defendant had actual knowledge of the spill.

### A. **Defendant's Constructive Knowledge of the Spill**

Defendant argues that Plaintiff has no evidence that Defendant had constructive knowledge of the spill, such that it should have cleaned it up. In *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. Dist. Ct. App. 1972), the appellate court held that the dangerous condition must have existed for at least 15-20 minutes for the defendant to be charged with knowledge of the condition. Similarly, in *Pussinen v. Target Corp.*, 731 F. App'x 936 (11th Cir. 2018), the Eleventh Circuit held that "a jury

8

could not reasonably infer that the liquid was on the floor for more than fifteen minutes" and upheld summary judgment in favor of the defendant store. The time period of approximately fifteen minutes is regularly used and referenced in Florida case law. *E.g., Hussain v. Winn Dixie Stores, Inc.*, 765 So. 2d 141, 142 (Fla. Dist. Ct. App. 2000).

Here, the Court is presented with a spill that was left on the ground for sixty-seven seconds. This is not a close question. Business owners are not insurers of their customers safety. *Cassel v. Price*, 396 So. 2d 258, 264 (Fla. Dist. Ct. App. 1981). As explained by one court: "It is not the duty of persons in control of []buildings to keep a large force of moppers to mop up [water] as fast as it falls or blows in." *S.S. Kresge v. Fader*, 116 Ohio St. 718 (1927). Summary judgment is entered in Defendant's favor as to whether Defendant had constructive knowledge of the spill.[4]

## IV. CONCLUSION AND RULING

For the foregoing reasons, Defendant is entitled to summary judgment. It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 67] is **GRANTED** and summary judgment is entered in favor of Defendant. All other pending motions are **DENIED AS MOOT**. The Clerk of the Court shall **CLOSE THIS CASE**. Defendant is directed to submit a proposed final judgment to rosenberg@flsd.uscourts.gov in Microsoft Word format within two business days.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of February, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

4 The Court agrees with and adopts all of Defendant's remaining arguments in its Motion and Reply without comment, including Defendant's argument that Plaintiff's Response references unpled theories of liability—the Court denied Plaintiff's request to add those theories of liability in a second amended complaint at docket entry 53.